23-429-cv
*Brian A. Sidman, et al. v. Concord Arena Parking, LLC, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by federal rule of appellate procedure 32.1 and this court's local rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

BETSY VONN GINN, WILLIAM T. HORNER, BRIAN A. SIDMAN, BAS PARKING GROUP PACIFIC, LLC,

> *Plaintiffs-Appellants*,

v.                                                                           23-429-cv

CONCORD ARENA PARKING, LLC, ARIEL JACOBOV,

> *Defendants-Appellees.**

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR PLAINTIFFS-APPELLANTS:     BENJAMIN H. BRODSKY, Brodsky Fotiu-Wojtowicz, PLLC, Miami, FL.

FOR DEFENDANTS-APPELLEES:     MATTHEW C. CAPOZZOLI, Leech Tishman Robinson Brog, PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

Upon due consideration, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court of March 21, 2023, is **AFFIRMED.**

Plaintiffs-Appellants Betsy Vonn Ginn, William T. Horner, Brian A. Sidman, and BAS Parking Group Pacific, LLC (collectively, the "Plaintiffs") appeal from the March 21, 2023, judgment of the district court denying their motion for partial summary judgment and granting, in part, the cross-motion for summary judgment filed by Defendants-Appellees Concord Arena Parking, LLC ("Concord") and Ariel Jacobov ("Jacobov," together with Concord, the "Defendants").

As relevant here, in May 2015, Plaintiffs executed an operating agreement with Jacobov, the owner and operator of Concord, "to acquire, own and manage" a parking garage and commercial retail space in Brooklyn, New York. The operating agreement contained a "Drop Dead Date," which specified the date by which the limited liability

2

company formed by the parties to the operating agreement must close on the properties. The parties also executed a side letter agreement (the "Side Letter") memorializing their understanding of the operating agreement. The Side Letter contained, among other things, a condition precedent to the parties' obligations under the operating agreement. Specifically, the Side Letter conditioned the purchase of the properties on the resolution of certain "open issues relat[ed] to the scheduling" of the closing. Supp. App'x. at 78. The "open issues" included restrictions on the seller's ability to sell the properties and an open mortgage on the properties.

By December 2015, with "open issues" still unresolved, Jacobov informed Plaintiffs that he would not agree to further extensions of the Drop Dead Date and advised them that after December 31, 2015, his fiduciary and contractual obligations to them would cease and their right to participate in the deal would terminate.

Plaintiffs initiated this action on December 31, 2015. Subsequently, in November 2017, Concord, through Jacobov, purchased the parking garage on its own. Plaintiffs filed their Third Amended Complaint ("TAC") on April 6, 2020, which was the operative complaint on the cross-motions for summary judgment.[1] The TAC asserts two claims:

_____

[1] Plaintiffs' Second Amended Complaint, which was filed on March 17, 2016, alleged nine direct claims against Jacobov and/or Concord, which were all dismissed by the district court on March 14, 2019, either by concession of the parties or by rulings on motions for summary judgment. The district court, however, allowed the plaintiffs to file a motion for leave to amend

(1) breach of contract by anticipatory repudiation against both Defendants and (2) breach of fiduciary duty against Jacobov based on his purchase of the parking garage. Plaintiffs and Defendants both moved for summary judgment, and the district court granted summary judgment, in part, in favor of Defendants. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor. *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 168–69 (2d Cir. 2006). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, Plaintiffs argue that the district court erred in interpreting the condition precedent in the Side Letter as express rather than constructive and improperly resolved the purported "ambiguity" in the condition precedent language on summary

---

to assert claims of breach of contract by anticipatory repudiation or claims related to Concord's eventual purchase of the parking unit in November 2017. On April 1, 2020, the district court granted Plaintiffs' motion for leave to amend.

4

judgment. Because these claims were never raised before the district court, they have been waived.[2] The district court correctly concluded that the condition precedent in the agreement was not satisfied.

Prior to this appeal, Plaintiffs never alleged that the Side Letter contained a constructive, rather than an express, condition precedent. Accordingly, they may not do so now. *See Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015) ("It is well settled that arguments not presented to the district court are considered waived and generally will not be considered for the first time on appeal."). In their reply brief, Plaintiffs admit that they did not raise this argument below. *See* Reply Br. at 2 ("[Plaintiffs] acknowledge that they did not argue below that the 'open issues' condition precedent in the Side Letter . . . was constructive rather than express."). Therefore, this argument must fail.

Similarly, Plaintiffs did not argue below that the condition precedent was ambiguous. Rather, Plaintiffs took the opposite position before the district court. For example, in their memorandum of law in support of the motion for partial summary judgment, they argued that "[t]he parties' business deal, memorialized in a wholly unambiguous operating agreement and side letter, was simple." Appellants' App'x. at

---

[2] Likewise, Plaintiffs' remaining argument that the condition precedent, as interpreted by the district court, resulted in a forfeiture of their rights relies on the same waived claims and is unavailing.

5

719; *id.* at 734 ("Finally, even if there were any ambiguity with respect to the plain meaning of the Side Letter, which there is not . . . ."). Therefore, Plaintiffs have also waived the argument that the condition precedent is ambiguous. *See Anderson Grp.*, 805 F.3d at 50.

*    *    *

For the foregoing reasons, the judgments of the district court denying Plaintiffs' motion for summary judgment and granting Defendants' motion for summary judgment are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court